**WO**                                                                                     JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Miguel Tena, Jr.,<br>　　　　Plaintiff,<br>v.<br>Laura Conover, et al.,<br>　　　　Defendants. | No.　CV-23-00467-TUC-SHR<br><br>**ORDER** |

　　　　Plaintiff Alfredo Miguel Tena, Jr., who is confined in the Pima County Adult Detention Center, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  The Court will dismiss this action for the reasons set forth below.

**I.**　　**Statutory Screening of Prisoner Complaints**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

　　　　A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    Complaint**

In his two-count Complaint, Plaintiff sues Laura Conover, Brad S. Terrace, and Joshua Moser, the prosecutors in his ongoing criminal proceedings in Pima County Superior Court case ##CR20231161 and CR20231162.  As Plaintiff has previously been informed,[1] prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as the conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).  Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related

---

[1] *See Tena v. State of Arizona*, CV 23-CV-00425-TUC-SHR (D. Ariz. Order dated Nov. 15, 2023).

to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029–30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583–84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police).

Plaintiff has named only Defendants who are immune from § 1983 liability. Thus, Plaintiff fails to state a claim in the Complaint.

### III.   Dismissal Without Leave to Amend

"[D]ismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't of Corr*., 66 F.3d 245, 248-49 (9th Cir. 1995)). *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining a district court may dismiss without leave to amend when amendment would be futile). Here, it is clear no set of facts could state a claim, and the Court concludes leave to amend would be futile. Thus, the Court will not grant leave to amend.

**IT IS ORDERED:**

(1)   The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)   The docket shall reflect the Court has considered whether an appeal of this decision would be taken in good faith and certifies an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 7th day of December, 2023.

Honorable Scott H. Rash
United States District Judge